**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

SIERRA CLUB, et al.,

*Plaintiffs*,

v.

NATIONAL MARINE FISHERIES SERVICE,
et al.,

*Defendants*.

No. 8:24-cv-02699-TDC

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO AMEND SCHEDULING ORDER
AND EXPEDITE**

The federal rules and the local rules both allow this Court to exercise its broad discretion to set the schedule as best needed for this case. Plaintiffs have demonstrated good cause to expedite consideration of this action because failure to expedite could deprive Plaintiffs of requested relief and because the public interest in the enforcement of the Endangered Species Act ("ESA") is particularly strong. 28 U.S.C. § 1657(a); ECF No. 68-1, at 5–6. The National Marine Fisheries Service ("NMFS") fails to identify any compelling reason not to expedite proceedings. As a result, and especially because there is a strong risk of prejudice to Plaintiffs here, this Court should expedite proceedings and amend the schedule.

The only evidence before the Court demonstrates that the facts on the ground have changed drastically. Prior to this month, evidence demonstrated that construction of the Sea Port Oil Terminal ("SPOT") and the Texas GulfLink Deepwater Port ("GulfLink") projects were likely stalled. ECF No. 68-1, at 3–4. Last month, however, media reports indicated that construction on GulfLink is moving forward. *Id*. at 4. And, just this month, counsel for GulfLink represented to the Fifth Circuit Court of Appeals, in no uncertain terms, that construction is imminent; it could begin by the end of the summer at the earliest. *Id*. NMFS stated that it has no additional information on the subject. ECF No. 69, at 1. In other words, all available evidence

1

demonstrates there is a strong risk to Plaintiffs of prejudice if construction begins soon, before the Court can rule on the merits. Plaintiffs brought this case to ensure that any construction and operation of the project is undertaken with the measures necessary to avoid or mitigate the effects to threatened and endangered species, as the ESA requires. This can only occur if NMFS issues a legally valid biological opinion. If construction proceeds before this Court can determine whether NMFS complied with its ESA obligations, endangered and threatened species may unnecessarily be harmed or killed as a result. Contrary to Defendants' implications, the Court need not presume any outcome on the merits. *See* ECF No. 69, at 1–2.[1] The only question is whether there is good cause to expedite the consideration of the merits; in other words, whether there is a strong risk to Plaintiffs of prejudice during this case if it were to proceed on the existing schedule. 28 U.S.C. § 1657(a). That good cause exists and NMFS has not demonstrated otherwise.

NMFS's attempts to characterize Plaintiffs' challenge to the administrative record as frivolous and as a source of delay are misplaced. Plaintiffs filed their motion to complete because the record omits important documents that should otherwise have been included in the record— they are vital to the Court's review of this case. It is true that NMFS *conditionally* offered to produce a smaller set of documents but only if Plaintiffs agreed not to file a motion to compel production or supplementation of the remaining documents. *See* ECF No. 69, at 2. Plaintiffs reasonably declined NMFS's "offer" that would have required Plaintiffs to forego seeking documents that are essential for this Court's review of the merits. Likewise, forcing Plaintiffs to prejudice the presentation of their case on the merits by "withdraw[ing]" their challenge to the administrative record (which is now fully briefed) to avoid additional prejudice is simply not reasonable. *See id.* at 3.

---

[1] NMFS's cited cases have no bearing on this motion. *United States v. Chemical Foundation Inc.* does not even mention the Administrative Procedure Act. 272 U.S. 1 (1926). *San Luis & Delta-Mendota Water Authority v. Jewell* simply recites the legal standards when evaluating the merits. 747 F.3d 581, 601–02 (9th Cir. 2014). And *Winter v. Natural Resources Defense Council, Inc.* is not relevant here because Plaintiffs are not seeking an injunction. 555 U.S. 7, 22 (2008).

Putting aside the bluster, NMFS's only mention of prejudice is that the government will not have enough time to complete its briefing or to produce additional records under the proposed schedule. *Id*. at 2–4. Regarding the time for briefing, the local rules of this Court only allow 14 days to file a response brief unless the Court orders otherwise. D. Md. L.R. 105(2)(a). Granting NMFS 21 days to file its opposition brief (7 more days than are allowed under the local rules) is reasonable here, given the risk of prejudice. Moreover, Plaintiffs will only have 10 days to file their motion and 14 days to file their reply (the time allowed under the local rules).

With respect to the time it might take for NMFS to produce any additional documents that the Court orders, Plaintiffs have already specifically identified the 12 documents or sets of documents that are missing from the record. ECF No. 67-2. To justify its request for a two-month delay in the proceedings, NMFS singles out only one set of documents from that list of 12 identified sets—the interagency and third-party communications relevant to the biological opinion. ECF No. 69, at 4; *see also* ECF No. 67-2, at 2 (second to last row in table). Nothing in NMFS's response indicates that it cannot produce the 11 other identified documents and sets of documents within 14 days. And NMFS provides no compelling reason why it would take 60 days to produce the interagency and third-party communications: a small part of the potential documents that this Court might order NMFS to produce. Indeed, those documents are directly relevant to this case, so NMFS should already have searched and gathered those documents as part of its original record compilation. To the extent the agency has not done that already and should the Court order NMFS to produce that one set of documents (the interagency and third-party communications), Plaintiffs are amenable to allowing 30 days for the production of those particular documents (until August 30, 2026). That would mean the documents would be available to cite in both NMFS's opposition and Plaintiffs' reply briefs.

In sum, based on the new information about the timeline for the underlying project, proceeding on the existing, slower schedule risks prejudicing Plaintiffs' interests in ensuring protection of threatened and endangered Gulf wildlife. NMFS has provided no evidence to the contrary and its other objections and proposals unreasonably require Plaintiffs to forgo their

requests to ensure that that a full record is available for this Court's review of their claims or can be partially mitigated by a reasonable compromise described above. As such, this Court should amend the scheduling order and expedite consideration of this case.

Respectfully submitted this 24th day of June, 2026.

/s/ Christopher D. Eaton
Christopher D. Eaton (D. Md. Bar 21544)
EARTHJUSTICE
810 Third Ave., Suite 610
Seattle, WA 98104
206-343-7340 Telephone
415-217-2040 Fax
ceaton@earthjustice.org

Rumela Roy (*pro hac vice*)
EARTHJUSTICE
633 17th Street, Suite 1600
Denver, CO 80202
303-623-9466 Telephone
415-217-2040 Fax
rroy@earthjustice.org

Brettny Hardy (*pro hac vice*)
EARTHJUSTICE
180 Steuart St. #194330
San Francisco, CA 94105
415-217-2000 Telephone
415-217-2040 Fax
bhardy@earthjustice.org

*Attorneys for Plaintiffs Healthy Gulf and Texas Campaign for the Environment*

/s/ Kristen Monsell
Kristen Monsell (*pro hac vice*)
CENTER FOR BIOLOGICAL DIVERSITY
2100 Franklin St., Suite 375
Oakland, CA 94612
510-844-7137 Telephone
510-844-7150 Fax
kmonsell@biologicaldiversity.org

*Attorney for Plaintiff Center for Biological Diversity*

4

/s/ Devorah Ancel
Devorah Ancel (*pro hac vice*)
SIERRA CLUB
PO Box 4998
Austin, TX 78765
415-845-7847 Telephone
303-449-6520 Fax
devorah.ancel@sierraclub.org

*Attorney for Plaintiff Sierra Club and Turtle Island
Restoration Network*